BRYSON, Circuit Judge.
This patent infringement case involves instant messaging technology that is adapted to display background advertisements and that provides each user the ability to opt out of displaying advertisements. Yahoo!, Inc., appeals the final judgment of the United States District Court for the Eastern District of Texas denying Yahool’s motions for judgment as a matter of law (“JMOL”) that U.S. Patent No. 6,205,432 (“the '432 patent”) was invalid and not infringed by Yahoo! Messenger. We affirm the judgment with respect to validity but reverse with respect to infringement.
I
Creative Internet Advertising Corporation asserted claim 45 of the '432 patent against Yahoo!. The '432 patent primarily describes a system in which references to advertisements are inserted at a server between end users of the instant messaging software.[1] However, Yahool’s instant messaging product, Yahoo! Messenger, inserts references to advertisements on end users’ computers instead of on a server. The central dispute in this appeal is whether claim 45 reads on Yahool’s server-less system. Claim 45 recites the following (emphasis added):
45. A computer program embodied on a computer-readable medium for inserting a background reference to a stored advertisement into an end user communication message, said computer program comprising:
logic configured to receive an end user communication message from a first site;
logic configured to insert a background reference to a stored advertisement into said end user communication message, *726 wherein said logic configured to insert the background reference is further configured to insert said background reference responsive to an overwrite authorization; and
logic configured to transmit said end user communication message with the background reference to a second site.
Yahoo! sought a construction requiring the three elements of claim 45 to occur in the same sequence as written, i.e., first receive, then insert, then transmit. Creative contended that the claim did not require sequential action because it was an apparatus claim. Under Creative’s construction, claim 45 would read on a program that inserted a background reference into a message, transmitted the message, and then received the message at another site. After a Markman hearing, the district court rejected Yahool’s proposed construction and construed claim 45 as a purely structural claim without any spatial or sequential limitations. The district court also construed “end user communication message” as “[a] set of data transmitted over a communication network,” and “overwrite authorization” as “[a]pproval to replace an existing background reference in an end user communication message.”
The case proceeded to trial, but the parties still disputed whether claim 45 required all three elements to act on the same message. Yahoo! contended that an infringing program had to be configured to perform all three actions (receipt, insertion, and transmittal) on the same message. Accordingly, Yahoo! moved for supplementary claim construction of the term “said.” In an effort to convey that all three actions had to be performed on the same message, Yahoo! proposed the following jury instruction:
The use of the word “said” in a claim refers to an earlier use of the term in the claim, and more specifically, refers to the first or initial use of the term found in the claim. In grammatical terms, “[generally, a term refers to an antecedent by repeating the antecedent identically except for preceding it with the word ‘said’ instead of ‘a’ or ‘the.’”
Creative disagreed with Yahool’s interpretation of the claim as requiring that all three actions be performed on the same message. It contended that the claim would be infringed by a program that performed all three actions, even if all three actions were not performed on the same message.
The district court did not resolve that dispute; instead, it linked the dispute to the construction of the term “an” preceding the first instance of “end user communication message” in the body of the claim. The district court decided to provide the jury with an additional paragraph at the end of the claim construction chart, which included standard constructions of the terms “an” and “said” along with its earlier ruling that claim 45 did not require sequential ordering. That paragraph stated:
The use of the article “a” or “an” in a patent claim means “one or more” in claims containing the transitional phrase “comprising.” Use of the word “said” in the beginning of a phrase indicates that it is referring to a previous use of the same or similar phrase. Further, claim 45 is an apparatus claim, which means that the claim recites structure — logic or source code — comprising a computer program. The claim does not recite steps or processes that must take place in a particular order.
That paragraph was featured extensively in the parties’ closing arguments. In its initial summation, Creative asked the jury to refer to the court’s additional instructions regarding “an” to address whether claim 45 requires a single message. Crea *727 tive’s attorney told the jury, ‘You heard a lot about one message, this message, different message. ‘A’ or ‘an.’ So if you look in the Claim 45, as defined by the Court, and it uses that phrase, it’s one or more.” Creative’s attorney later applied that multiple message theory to a discussion of the three elements of claim 45, telling the jury that “if the logic, the code in the computer program was capable of doing these three things, it infringes.” He also proposed, as an alternative theory, that Yahoo! Messenger infringed even if the three claim elements “all have to be performed on the same message.”
In Yahooi’s summation, its attorney described two fundamental disagreements between the parties on infringement. First, must the “message or messages of all three limitations be the same?” Second, “are the individual messages separate messages or are they all just one message?” After discussing the three elements of claim 45, he concluded his infringement discussion by asking and answering a claim construction question: “Must the messages of all three be the same? Absolutely. That’s what said means. There’s the linkage.”
Creative’s attorney responded to that contention at the very outset of his rebuttal closing argument. His first words in rebuttal were:
Ladies and Gentlemen, everything you just heard, every noninfringement argument you just heard is contradicted by the instructions in the back of your book attached to the chart [referring to the supplemental paragraph].
What did he say, it’s got to be one message. His Honor gave you an instruction, put it in the back of your book yesterday, one or more messages.
Following deliberations, the jury found that claim 45 was not invalid, that it was infringed both literally and under the doctrine of equivalents, and that the infringement was willful. Yahoo! moved for JMOL on invalidity and noninfringement. Both motions were denied. The district court enhanced the jury’s damages award and ordered an ongoing royalty despite Yahoo!’s efforts to design around the patent.
II
On appeal, Yahoo! contends that the district court’s claim construction was erroneous because it did not require that “each logical element operates on the same message.” Specifically, Yahoo! contends that “[u]nder the district court’s construction, Claim 45 is infringed by a system that receives a message from Albert to Brian, inserts a background reference into a second unrelated message from Carl to David, and transmits a third unrelated message from Edward to Frank.”
Creative contends that Yahoo! waived its argument on appeal because it received the construction of the term “said” that it sought. However, the focus of Yahoo!’s appeal is not on the district court’s construction of the term “said,” but on the court’s failure to instruct the jury that “all the limitations must be configured to operate on the same message.” Appellant’s Br. at 30. Although Yahoo! presented that argument to the district court, the court refused to rule on the issue or instruct the jury directly on that point.
When the issue arose at trial, counsel for Yahoo! argued that the claim language required that all three actions be performed on the same message. Counsel for Yahoo! explained, “It is one set of data. That’s the said data in both of the — in all three of the claim elements.” Counsel for Creative disagreed and argued that the accused program would infringe if the three actions operated on different mes *728 sages. The trial court expressed skepticism that the claim required “the set of data where.... the receipt, the insertion, the transmit, that has to be the same.” The court asked why the claim would not read on a program that “reeeive[s] one set of data, inserts into another set of data, transmits maybe another set,” and told YahooPs counsel, “you’ve got to persuade me that your position on this claim, that it’s the same set of data that’s received, inserted and transmitted can be correct.”
Following that exchange, the district court took the matter under advisement. After a recess, the court decided to give the jury a supplementary instruction defining the words “a” or “an” and “said.” The court declined to instruct the jury on whether the claim required all three actions to apply to the same message; as to that issue, the court stated, “That, in my estimation, is infringement — the question of infringement, that’s for y’all to fight over and for the jury to resolve.” YahooPs counsel objected to the court’s refusal to limit the scope of the claim to require that all the recited actions operate on a single message, but the court overruled the objection.
The district court’s refusal to instruct the jury on the question whether the claim required all three elements to operate on the same message had the effect of leaving a critical question of claim construction to the jury. The court erred in leaving a central question of claim construction to the jury over Yahoo!s objection. See 02 Micro Int’l Ltd. v. Beyond Innovation Tech. Co., Ltd., 521 F.3d 1351, 1360-62 (Fed.Cir.2008).
The closing arguments demonstrate that the district court’s instruction linking the construction of “an” and “said,” and not addressing the “same message” issue raised by Yahoo! enabled Creative to argue to the jury that all three claim elements do not have to operate on the same message in order to infringe. After referring to the district court’s supplementary construction of “an” as “one or more,” Creative told the jury “if the logic, the code in the computer program was capable of doing these three things, it infringes” without regard to whether all three elements operate on the same message. Yahoo! then urged the jury to find nonin-fringement based on the premise that all three elements must operate on the same message. Creative responded to that argument by again citing the district court’s supplementary claim construction paragraph, contending that the elements can operate on “one or more” messages and that YahooPs position violates the district court’s construction that the claim elements need not be sequential.
Creative’s broader claim construction is incorrect. Although the antecedent phrase, “an end user communication message,” is broad enough to cover multiple messages, each use of the phrase “said end user communication message” still refers to the antecedent phrase. See Baldwin Graphic Sys., Inc. v. Siebert, Inc., 512 F.3d 1338, 1342 (Fed.Cir.2008) (“The subsequent use of definite articles “the” or “said” in a claim to refer back to the same claim term does not change the general plural rule [of “an”], but simply reinvokes that non-singular meaning.”). An infringing system must therefore contain logic configured to insert a background reference into the same messages that are received and transmitted by other logic in the program. That does not necessarily mean that the insertion logic must act on the message after it is received. And it does not mean that the every message in an infringing system must be received, inserted, and transmitted. Instead, it means that the claim does not cover a system that only receives a message, in *729 serts a background reference into a different message, and then transmits a third message. Although the dissent adopts that interpretation, it is contrary to the claim language because it would render the word “said” a nullity. See Merck & Co., Inc. v. Teva Pharm. USA, Inc., 395 F.3d 1364, 1372 (Fed.Cir.2005) (“A claim construction that gives meaning to all the terms of the claim is preferred over one that does not do so.”). The claim language makes clear that all three logical elements must act, at least once, on the same message or messages.
By linking the construction of “said” to the construction of “an” and the ruling on sequential limitations, the district court left that claim construction issue unresolved and allowed Creative to invite the jury to find infringement on a theory that is contrary to the proper construction of the asserted claim. Because the jury may have found infringement based on Creative’s broader and incorrect theory of claim construction, it would be incorrect to rule that Yahoo! waived its right to challenge the district court’s claim construction simply because Yahoo! received the construction of the term “said” that it proposed.
Ill
Yahoo! also appeals the court’s denial of its motion for JMOL of noninfringement. Yahoo! contends that under the district court’s claim construction, as modified by our discussion above, Yahoo! Messenger lacks the second limitation of claim 45. That limitation requires the following:
logic configured to insert a background reference to a stored advertisement into said end user communication message, wherein said logic configured to insert the background reference is further configured to insert said background reference responsive to an overwrite authorization.
The district court construed the term “end user communication message” to mean “[a] set of data transmitted over a communications network,” and the term “overwrite authorization” to mean “[a]p-proval to replace an existing background reference in an end user communication message....” Based on those constructions, the second limitation of claim 45 requires logic configured to insert a background reference into a message responsive to an approval to replace an existing background reference in a message, where a message is a set of data transmitted over a communications network. Because the evidence would not permit a reasonable jury to find that Yahoo! Messenger satisfied the second limitation of claim 45 as properly construed, we reverse the district court’s judgment with respect to infringement.
Yahoo! Messenger is end user software that must be installed on the computer of every end user. It gives users the option of selecting IMVironments, which are advertisements that can be inserted behind the chat window. Two users in a conversation can select IMVironments only if both users have enabled them. If IMVi-ronments are enabled, a user can select an IMVironment (such as an advertisement for “Honda” or an advertisement for “Army”). When IMVironments are enabled, a corresponding IMV-ID (such as 1 or 7) will be inserted into the IMV-ID field of the outgoing message. Other fields in the message include userl, user2, IMV Flag (which indicates whether the sending user has enabled IMVironments), and the text of the message.
Yahoo! contends that Yahoo! Messenger does not infringe for two reasons. First, Messenger never inserts a background reference (or IMV-ID) into an ex *730 isting message; instead, it just creates new messages and populates them with an IMV-ID. Second, Messenger does not insert background references responsive to an approval to replace existing background references; instead, the approval is to put background references in the message in the first place. The accused “approval” functionality in Messenger is a checkbox that allows users to disable the insertion of the advertising backgrounds.
Creative contends that claim 45 requires only “conditional insertion” and that Yahoo! Messenger conditions insertion of IMV-IDs on an end user’s selection of the checkbox that enables IMVironments. Claim 45, however, requires the insertion to be more than “conditional.” The insertion must be responsive to an approval to replace an existing background reference in an end user communication message. The burden was on Creative, therefore, to identify evidence demonstrating that the checkbox in Yahoo! Messenger enables IMVironments to serve as the approval to replace an existing background reference in a message instead of merely the approval to insert background references in new messages.
In its brief, Creative focuses on one scenario purportedly demonstrating that Yahoo! Messenger contains logic configured to insert a background reference responsive to such an approval. Creative asks the reader to assume that two users, identified as “Randi” and “Millie,” are having a conversation using Yahoo! Messenger and that both users have enabled IMVironments. If Randi sends Millie a message with the “Army” IMVironment chosen, his outgoing buffer will be populated with “Randi” as the Sender ID, “Millie” as the Recipient ID, “Army” as the IMV-ID, and “Enabled” as the IMV Flag. Once Randi sends the message, Millie’s incoming buffer will contain the same values. If Randi then changes his IMVironment to “Honda” without sending a new message, the IMV-ID field in his outgoing buffer, which previously contained “Army,” will be replaced with “Honda.” Randi can make such a change only if Millie continues to have IMVironments enabled. Creative thus contends that Millie’s choice to enable or disable IMViron-ments is an approval to replace an existing background reference in an end user communication message. This scenario is depicted in the following demonstrative that Creative used at trial:
*731 [[Image here]]
Creative’s infringement scenario fails because it nullifies the third limitation of claim 45, which requires “logic configured to transmit said end user communication message with the background reference to a second site.” To satisfy the third limitation, the message that is transmitted must contain the background reference that was inserted responsive to Millie’s approval in the second limitation. The message that was initially transmitted did not contain the background reference that was inserted (“Honda”); instead, it contained the background reference that was replaced (“Army”).
Creative alternatively contends that Messenger could satisfy the third limitation when Randi sends out a new message containing the inserted background reference to “Honda.” That scenario fails because the “Honda” message that is transmitted is a different message than the “Army” message into which the IMV-ID was inserted.
Creative’s last literal infringement theory focuses on Millie’s incoming buffer. Creative contends that the insertion logic is located on the receiving computer when the previous IMV-ID in the buffer is replaced with the new IMV-ID. Such replacement is not insertion into a message because the entire buffer is overwritten when a new message is received. Creative also contends that the IMV-ID is replaced in a second memory location on the recipient computer that is used to keep track of the current IMV-ID to be displayed. That replacement, however, is not an insertion into a message, because the IMV-ID has been separated from the rest of the message and stored in a separate location on the computer. In finding that the jury had sufficient evidence to “find that a replacement occurs,” the dissent overlooks the fact that the claim language requires not “replacement” but “logic configured to insert a background reference to a stored advertisement into said end user communication message ... in response to an overwrite authorization.”[2]
*732 Having concluded that all of Creative’s literal infringement theories fail, we turn to infringement under the doctrine of equivalents. Yahoo! contends that there was insufficient evidence to support a jury determination that Yahoo! Messenger has the equivalent of logic configured to “insert said background reference responsive to an overwrite authorization.” Appellant’s Br. at 41. To support a finding of infringement under the doctrine of equivalents, a patentee must provide particularized testimony and linking argument with respect to the “function, way, result” test. Tex. Instruments Inc. v. Cypress Semiconductor Corp., 90 F.3d 1558, 1566-67 (Fed.Cir.1996). Creative’s only particularized testimony and linking argument supporting infringement under the doctrine of equivalents is the following testimony from its expert, David Klausner:
Q: Now, did you review the patent in forming your opinions?
A: Yes.
Q: And did you take a look at the patent to determine what the function of the overwrite authorization was?
A: I have.
Q: And what portion of the patent was that?
A: I think it’s column 9, lines 85 through 48.
Q: Is that the part highlighted here?
A: Yes.
Q: Now, this says, “If the approval configuration indicates that background references are not to be overwritten for a particular message”, step 4-12 indicates the background references insertion process terminates and then it says, “An approval configuration file is maintained” — in one embodiment — “in order to enable end user recipients to configure the background reference system and whether or not to overwrite existing background references in messages received by them.”
Is that the part you relied on?
A: Yes.
Q: What — using that, what’s the function of the overwrite authorization?
A: It’s to provide approval for a replacement as His Honor has told us.
Q: Now, if we could go to Exhibit 112, please, the enable button. I’m showing you the references [sic] box for the enable IMVironments button. What is the function of the enable IMVironments check box in the Yahoo Messenger program?
A: To approve the replacement of the background reference.
Q: Okay. And what is the way that the overwrite authorization in Claim 45 is achieved in a[sic] '432 patent?
A: Well, also substantially the same way, by having program code written that will look at the condition and determine whether it’s enabled or not.
Q: And then what’s the result with respect to the overwrite authorization in Claim 45?
A: It is to have the program logic — a logic code in the program to enable the approval to replace the background reference.
Q: All right. Do you have an opinion on whether or not the overwrite authorization element of Claim 45 is *733 found under the doctrine of equivalence in Yahoo'.’s Messenger program?
A: Ido.
Q: And what is that opinion?
A: It is found — it’s substantially the same function in substantially the same way with substantially the same result, and any difference between the claim as construed by His Honor and the accused product are insubstantial.
That testimony addresses only whether the IMVironments checkbox is equivalent to the overwrite authorization. It does not address the broader issue of whether Yahoo! Messenger has the equivalent of logic configured to “insert said background reference responsive to an overwrite authorization.” For reasons addressed in our discussion of literal infringement, Yahoo! Messenger does not insert background references into existing messages.[3] By reciting “logic configured to insert,” the claims require replacement of existing background references in messages, and the only way the specification describes such replacement occurring is by intercepting the messages with a server. It is undisputed that Yahoofs system does not alter existing messages and does not intercept them with a server. Thus, there was insufficient evidence for a reasonable jury to conclude that Yahoo! Messenger infringed claim 45 under the doctrine of equivalents.
IV
Yahoo! also appeals the district court’s denial of its motion for JMOL of invalidity based on the prior art references known as Goldschmitt and the Gold Guide. We conclude that the evidence was sufficient to support the jury’s conclusion that neither Goldschmitt nor the Gold Guide disclosed inserting a background reference into a message responsive to an overwrite authorization. Both references described inserting background advertisements whenever they were available to be inserted. Neither reference disclosed a system that let users selectively receive advertisements.
Yahoo! places great weight on the following statement in Goldschmitt: “When the user commands to read the stored mail, the center 18 appends an advertisement, if any, to the message and transmits the message to the user.” We conclude that a reasonable jury could interpret that statement as disclosing no more than that advertisements would invariably be inserted if any suitable advertisements were available. On that view, the statement does not disclose a system that allows users to selectively receive advertisements. Yahoo! further contends that Goldschmitt’s insertion was responsive to an “overwrite authorization” because users authorized the insertion of background advertisements by signing up for the service. However, a system in which users opt in to the advertising-supported service does not disclose the second limitation of the claim, which requires “logic configured” to insert background references responsive to an overwrite authorization. Because neither of the references disclosed inserting a *734 background reference into a message responsive to an overwrite authorization, the district court correctly denied YahooPs motion for JMOL as to invalidity.
Each party shall bear its own costs for this appeal.
AFFIRMED IN PART and REVERSED IN PART.
Opinion dissenting-in-part filed by Circuit Judge CLEVENGER.

. For example, the invention abstract refers to a message server in six out of eight sentences. The abstract notes that the description is limited to "some embodiments,” and later on the patent describes a different, server-less embodiment using “integrated end user message software.” '432 patent, col. 7, line 65, to col. 8, line 4.

. Although the district court construed “overwrite authorization” as "[a]pproval to replace *732 an existing background reference in an end user communication message [with another background reference],” that construction did not alter the meaning of "insert” in the second limitation of the claim.

. The dissent contends that we are adopting a different rationale than that presented by Yahoo! on appeal. However, Yahoo! appealed infringement under the doctrine of equivalents because Yahoo! Messenger lacks a "pre-existing background reference in the message to overwrite" and “does not use a message server to intercept the message packet and replace a pre-existing background reference with an IMV-ID.” An infringement finding must be supported by evidence for each limitation, and Creative failed to submit evidence demonstrating that Yahoo! Messenger inserts background references into existing messages either literally or under the doctrine of equivalents.